UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DIRECTV, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-1978 (RMU) |
| | : | | |
| v. | : | Document No.: | 7 |
| | : | | |
| CARLTON AGEE, | : | | |
| | : | | |
| Defendant. | : | | |
| | : | | |

MEMORANDUM OPINION

GRANTING THE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND ASSESSING A
CIVIL PENALTY AGAINST THE DEFENDANT

I. INTRODUCTION

This matter comes before the court on the plaintiff's motion for entry of default judgment. The plaintiff, Directv, Inc. ("DirectTV"), brings this action against the defendant, Carlton Agee, alleging that the defendant purchased access cards and other devices ("pirate access devices") to decrypt, receive and view the plaintiff's encrypted satellite transmissions of television programming, in violation of the Federal Communications Act, 47 U.S.C. § 605(a) and the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510-2521 ("federal communication laws"). Because the defendant has not responded to the notice of default entered on August 8, 2005, the court grants the plaintiff's motion to enter default judgment and assesses a civil penalty in the amount of $2,091.57 against the defendant.

## II.   BACKGROUND

On November 12, 2004, the plaintiff, a direct broadcast satellite company that provides satellite television programming on a subscription and pay-per-view basis, filed a complaint against the defendant alleging that on March 13, 2002, and again on March 21, 2002, the defendant purchased "Scorpion Pro Plus Hu Loaders," pirate access devices used for the unauthorized decryption or interception of satellite transmissions.  Compl. ¶¶ 12-13.  The complaint specifies two causes of action.  Count one alleges that the defendant received the plaintiff's satellite transmissions without authorization, *id.* ¶ 16, and count two alleges that the defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, the plaintiff's satellite transmissions in violation of 18 U.S.C. §2511(1)(a).  *Id.* ¶ 20.

On November 17, 2004, the defendant received notice of the plaintiff's complaint.  Aff. of Service.  The defendant, however, failed to respond.  On August 3, 2005, the plaintiff filed an affidavit in support of default, stating that the defendant failed to appear, that he had not filed any pleadings, and that he had served no pleadings on the plaintiff's attorney.  Aff. in Supp. of Default at 1.  The plaintiff subsequently moved for entry of default,[1] and on August 12, 2005, the

---

[1]   Rule 55 sets forth a two-step process for a party seeking default judgment: entry of default, followed by entry of default judgment.  FED. R. CIV. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also* 10A FED. PRAC. & PROC. CIV. 3d § 2682 (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  First, after a defendant has failed to plead or otherwise defend against an action, the plaintiff may request that the clerk of the court enter default against that defendant.  FED. R. CIV. P. 55(a).  Second, following the clerk's entry of default, and where the plaintiff's claim is not for a sum certain, the plaintiff may apply to the court for entry of default judgment.  *Id.* 55(b)(2).  By providing for a two-step process, Rule 55 allows the defendant the opportunity to move the court to set aside the default before the court enters default judgment.  FED. R. CIV. P. 55(b), (c); *see also Meehan,* 652 F.2d at 276 (noting that "pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside").

clerk of the court entered default against the defendant. Entry of Default J. On September 16, 2005, the plaintiff brought a motion for entry of default judgment against the defendant. Mot. for Default J. The court now turns to that motion.

### III.   ANALYSIS

#### A.   Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. FED. R. CIV. P. 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, default judgments are not favored by modern courts. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson*, 636 F.2d at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C.

2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986). However, default does not establish liability for the amount of damages claimed by the plaintiff. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

### B.   The Court Enters Default Judgment Against the Defendant

The defendant received service on November 17, 2004. Aff. of Service. The defendant had until December 7, 2004 to respond to the complaint. *See id.* (giving the defendant 20 days from the date of service to answer the complaint). The defendant, however, failed to respond by the deadline and has not taken any action indicating an intent to defend this matter pending against him. Although default judgment is not a favored course of action, the defendant's wholesale disregard of the judicial process has left the court with no alternative. *Jackson*, 636 F.2d at 835 (stating that although default judgments are not favored by the courts, they are appropriate when the adversary process has been halted because of an unresponsive party).

Accordingly, the court grants the plaintiff's motion and enters default judgment against the defendant. *Id.* at 836.

The defendant's default is an admission of liability for the well-pleaded allegations of the complaint. *Adkins*, 180 F. Supp. 2d at 17; *Int'l. Painters and Allied Trades Indus. Pension Fund v. R. W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (3d Cir. 1971)). The complaint alleges that the defendant twice purchased pirate access devices from an internet company and received the devices by mail. Compl. ¶¶ 12-13. Moreover, these devices, by design, are "primarily useful for the unauthorized decryption or surreptitious interception of satellite transmissions." *Id*. ¶¶ 12-14. The court, accordingly, holds the defendant liable for the purchase of the pirate access devices. The mere purchase of these devices, however, does not violate either of the codes under which the plaintiff seeks relief.

In order to recover under the statutes, the plaintiff asks the court to assume that the purchase and possession of such devices is sufficient to show illegal interception in violation of the federal communication laws. Compl. ¶ 16. In support of this position, the plaintiff cites cases in which the court held that the possession of an instrument designed to intercept communication is evidence that such communication was, in fact, intercepted. *DirecTV v. Cordona*, 275 F. Supp. 2d 1357, 1362 (M.D. Fla. 2003) (inferring actual illegal interception of signals in violation of 18 U.S.C. § 2511 from the possession of pirate access devices); *DirecTV v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (inferring actual interception of signals in violation of 47 U.S.C. § 605 in similar circumstances). Accordingly, the court draws the reasonable inference from the pleadings that the devices were used for their intended purpose

and, therefore, determines that the defendant is liable for unauthorized interception of the plaintiff's satellite transmissions in violation of 47 U.S.C. § 605.  *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (stating that the plaintiff in a default judgment action is entitled to reasonable inferences drawn from the evidence offered).

### C. The Court Determines that the Defendant is Liable for $3,644.57

Having determined that the defendant is in violation of federal communication laws, the court now turns to assess the damages for which the defendant is liable.  The plaintiff requests that the court award damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) because the defendant violated 47 U.S.C. § 605(a).  This civil statute provides in relevant part that

> [n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and such use (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a).

In addition, the plaintiff seeks to recover damages under 18 U.S.C. § 2520(c)(2)(B) as a consequence of the defendant's violation of 18 U.S.C. § 2511(1)(a).  This criminal statute[2] provides punishment for anyone who wrongfully and "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or

---

[2] Although 18 U.S.C. § 2511(1)(a) is a criminal statute, the language of 18 U.S.C. § 2520(a) provides for a civil cause of action: "Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

electronic communication." 18 U.S.C. § 2511(1)(a). This statute also punishes the use of a wrongfully acquired signal. *Id.* at § 2511(1)(b).

Despite these demands for relief, the plaintiff's complaint does little to assist the court in calculating damages. In fact, the plaintiff offers merely boilerplate bases for relief which allege amorphous and hypothetical damages. Compl. ¶¶ 17, 21; *see also* Pl.'s Mem. of Points and Authorities in Supp. of Mot. for Default J. ("Pl.'s Mem.") at 6 (conceding that the plaintiff cannot determine actual damages). The plaintiff claims, for example, that the

> [d]efendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

*Id*. The plaintiff goes on to state that "the court should award damages pursuant to 18 U.S.C. § 2520(c)(2)(B)" solely because the damages available to the plaintiff under this section are greater than those available under 47 U.S.C. § 605. *Id*. at 2. Nevertheless, after reviewing the record, the court concludes that there is a basis for imposing damages and awards attorneys' fees pursuant to Federal Rule of Civil Procedure 55(b)(2). The court now considers the plaintiff's requests for damages under each of the statutes, mindful that default judgment does not automatically establish liability for damages as claimed by the plaintiff. *Shepherd*, 862 F. Supp. at 491 (stating that "although a default judgment forces a defendant to concede liability, it does not . . . concede liability for the amount of damages that the plaintiff has claimed").

### 1. The Plaintiff's Claims Under 47 U.S.C. § 605(a)

The plaintiff alleges that the defendant "has received and/or assisted others in receiving the plaintiff's satellite transmissions without authorization." Compl. ¶ 18. Therefore, the

7

plaintiff requests damages pursuant to 47 U.S.C. § 605, which states that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(II).

To justify relief above the minimum statutory amount of $1,000, however, the plaintiff must provide additional evidence of the defendant's wrongdoing. *See DirecTV, Inc. v. Hamilton*, 215 F.R.D. 460, 463 (S.D.N.Y. 2003) (asserting that evidence only of the defendant's purchase of pirate access devices was insufficient to warrant an award of damages beyond the statutory minimum). Here, the plaintiff alleges that the defendant purchased pirate access devices on two separate occasions and that the devices are typically used to intercept satellite transmissions without authorization. *Id.* ¶¶ 12-14. The plaintiff does not allege, however, that the devices were used individually in separate violations of 47 U.S.C. § 605(a). Still, as discussed, the plaintiff is entitled to the reasonable inference that the illegal devices were used in violation of the statute. *Au Bon Pain, Corp.*, 653 F.2d at 65. Absent more compelling evidence of the defendant's wrongdoing, therefore, the court rules that the plaintiff's complaint alleges only one discrete act in violation of the statute. *Huynh*, 318 F. Supp. 2d at 1131 (reasoning that the mere purchase of more than one pirate access device is not sufficient evidence to show that the defendant committed more than one violation); *Adkins*, 180 F. Supp. 2d at 17 (stating that default establishes the defendant's liability only as to the well-pleaded allegations of the complaint). Accordingly, the court awards the statutory minimum of $1,000 for a single violation of 47 U.S.C. § 605(a).

## 2.    The Plaintiff's Claims under 18 U.S.C. § 2511

In addition to seeking relief under 47 U.S.C. § 605, the defendant also seeks statutory damages under 18 U.S.C. § 2520(c)(2)(B) for the defendant's violations of 18 U.S.C. § 2511(1)(a). Section 2520(c)(2)(B) provides that the court "may" award "the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation" or "statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2)(B). The use of "may" in the statute indicates that the award of damages under this section is discretionary. *Reynolds v. Spears*, 93 F.3d 428, 434 (8th Cir. 1996) (holding that "may" should, under common statutory interpretation, be construed as discretionary, absent evidence documenting contrary legislative intent).

Here, the plaintiff has provided no evidence of actual damages suffered. Pl.'s Mem. at 6 (conceding that the plaintiff cannot calculate its actual damages resulting from the defendant's actions). Indeed, the only method the plaintiff offers to assess damages is in requesting that the court calculate damages based on the "each day of violation" standard of 18 U.S.C. § 2520. Pl.'s Mem. at 6. The plaintiff reasons that because the defendant "could have used the pirate access devices he purchased for well over 100 days," the court ought to assess the statutory penalty of $1,000 for each of the hypothetical 100 days and award the plaintiff $10,000. *Id*. Absent proof of the defendant's affirmative conduct, however, a calculation under the "each day of violation" provision would be speculative. *DirecTV v. Kaas*, 294 F. Supp. 2d 1044, 1049 (N.D. Iowa 2003) (determining that in order to assess damages under the "each day of violation" provision, the court must have an estimate of the number of days the violation(s) occurred). As a result, the

court has no adequate basis for awarding damages under the "each day of violation" provision or the statutory maximum $10,000 amount.

Although the plaintiff prays for damages under both statutes as discussed, courts have addressed this same request in similar cases of default judgment and declined to award damages under 18 U.S.C. § 2520(c)(2)(B) as such an award would be unreasonable. *DirecTV v. Perrier*, 2004 WL 941641 at 4 (W.D.N.Y March 15, 2004) (declining to award statutory damages under 18 U.S.C. § 2520 absent evidence that the defendant profited from his violations of the statute or induced others to engage in similar misconduct, and because damages were awarded under 47 U.S.C. § 605); *Kaas*, 294 F. Supp. 2d at 1049 (finding the plaintiff's request for $10,000 in damages pursuant to 18 U.S.C. § 2520 to be excessive). Moreover, where no evidence exists to support the claim that the defendant profited from his wrongdoing, or where no evidence exists to support the conclusion that the defendant's actions resulted in actual damages to the plaintiff, assessing damages on this statutory provision is excessive. *DirecTV v. Griffin*, 290 F. Supp. 2d 1340, 1348 (M.D. Fla. 2003); *DirecTV v. Van La*, 2004 U.S. Dist. LEXIS 16428, at 9 (D. Minn. May 19, 2004). Therefore, the court denies the plaintiff's request for damages under 18 U.S.C. § 2520 and awards damages only under 47 U.S.C. § 605.

### 3. The Court Awards Attorneys' Fees and Costs

The plaintiff also seeks attorneys' fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii). This statute provides that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). In this case, the plaintiff requests $4,806 in attorneys' fees and $241.57 in other costs. Pl.'s Erratum to Decl. in Supp. of Atty's Fees, Exs. A, B. The plaintiff has pursued cases in many

jurisdictions that are factually similar to this case.  *See e.g. Huynh*, 318 F. Supp. 2d 1122; *Kaas*, 294 F. Supp. 2d 1044; *Perrier*, 2004 WL 941641.  Given the repetition of similar litigation, the court deems that the plaintiff's request for $4,806 is excessive.  *Huynh*, 318 F. Supp. 2d at 1130 (reasoning that the plaintiff has and continues to litigate many cases such as this, which present no complex legal issues, and from which its attorneys have a large pool of experience to draw).  The court also notes that in factually similar cases, the plaintiff has requested and received attorneys' fees in the amount of $850.  *Perrier*, 2004 WL 941641 at 4; *Kaas*, 294 F. Supp. 2d at 1049 (in both cases, awarding $850 in attorneys' fees and costs in a situation of default judgment).  The court sees little justification for awarding this $3,956 difference, especially in a case involving only six filings on the part of the plaintiff.  Still, the court is sensitive to the fact that the cost of litigation in Washington, D.C. may well exceed that of practice in the jurisdictions in which the plaintiff received $850.  The court, therefore, awards the plaintiff $2,403, half of the amount it requested for attorney's fees.

Based on the foregoing facts, the court concludes that the plaintiff's requested relief of $4,806 for attorneys' fees is excessive and instead awards $2,403 in reasonable attorneys' fees plus the requested $241.57 in costs as claimed in the attorneys' billed amounts.  Pl.'s Erratum to Decl. in Supp. of Atty's Fees, Exs. A, B.  In sum, the court determines that the defendant is liable for $1,000 in statutory damages and $2,644.57 in attorneys' fees and costs under 47 U.S.C. § 605.

## IV.    CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion for entry of default judgment and assesses a civil penalty in the amount of $3,644.57 against the defendant.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 12th day of December, 2005.

RICARDO M. URBINA
United States District Judge